# NOTES OF CASES DECIDED

### IN THE

# COURT OF APPEALS,

### April 12, 1853.

## Valarino *against* Thompson.

*Foreign consul; exemption from liability to suits.*

This action was assumpsit, brought in the Superior Court of the city of New York against Sidney Mason, and the respondent, Thompson, as partners, under the mercantile firm of Mason & Thompson, for money had and received. Mason being absent from the state, was not served with process. Thompson appeared and pleaded the general issue, with notice of set-off. The cause was tried on the merits, and the plaintiff obtained a verdict; and judgment, after argument upon bill of exceptions, was rendered in his favor. Thompson sued out a writ of error from the Supreme Court, and in that court assigned, as error in fact, that at the commencement of the suit in the Superior Court he was consul to the Republic of Ecuador, and only liable to be sued in the District Court of the United States. The Supreme

Court reversed the judgment of the Superior Court on that ground. Valarino appealed to this court.

The judgment of the Supreme Court was affirmed, on the ground that the District Courts of the United States possess exclusive jurisdiction of all suits against consuls, whether sued alone, or jointly with other persons.

That the exemption of a consul from suit in the state courts was not either his personal privilege, or the privilege of the state by which he was commissed.

That it was authorized by the Constitution, and created by the act of Congress for the benefit of the United States, in order to keep within their control all those cases which could in any degree affect their foreign relations.

That it was their privilege alone, and could not be waived by the consul.

That he could not withdraw himself from such exclusive jurisdiction by joining in a contract with another, and thus subjecting himself to a joint suit. On the contrary, the effect of such joinder was to bring the co-defendant within the jurisdiction of the District Court, as the intent of the Constitution and of the act of Congress could not be effectually carried out upon any other construction.

(S. C., 7 N. Y. 576.)